UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT T. HOULE,

Plaintiff,

v.

Case # 23-CV-06634-FPG

DECISION AND ORDER

WELLS FARGO, NA, et al.,

Defendants.

## INTRODUCTION

On November 6, 2023, Plaintiff Robert T. Houle ("Plaintiff") filed a complaint against Wells Fargo Bank, NA, "as Trustee for Aegis Asset backed Securities Trust Mortgage pass through Certificates Series 2004-3[,]" Select Portfolio Servicing, McCabe Weisberg & Company, and Wells Fargo Bank ("Defendants"), in which he alleges that Defendants fraudulently created and forged documents that assigned Plaintiff's mortgage to Defendants in violation of "8 U.S.C. § 1324c." ECF No. 1. On the same day that Plaintiff filed his complaint, Plaintiff moved this Court for a temporary restraining order enjoining Defendants from pursuing a foreclosure auction on his home, and an order directing Defendants to show cause why they should not be enjoined from pursuing the foreclosure.[1] ECF No. 2. For the reasons set forth below, the Court denies Plaintiff's motion for a temporary restraining order because Plaintiff's complaint fails to adequately plead the existence of the Court's subject matter jurisdiction over this case.

[1] To the extent Plaintiff requests an "Order to Show Cause," under Local Rule of Civil Procedure 41(b), or otherwise, Plaintiff's request is not procedurally or substantively proper because Rule 41(b) governs involuntary dismissal of an action due to noncompliance with the Court's directives or failure to prosecute and, secondarily, it is Plaintiff's burden to show entitlement to relief at both the pleading phase and under Federal Rule of Civil Procedure 65, which governs the issuance of a temporary restraining order. The Court accordingly construes Plaintiff's motion as one for a temporary restraining order.

## BACKGROUND

The following facts are alleged in Plaintiff's complaint, unless otherwise stated. Defendants seek to hold a foreclosure auction on Plaintiff's home, located at 1108 Cheese Factory Road, Honeoye Falls, New York, 14472, on Tuesday, November 14, 2023. ECF No. 1 at 2, 6. Plaintiff alleges that Defendants have "no standing to pursue such an auction" because the auction is justified by "forgery, fraud and false papers." *Id*. at 2. Plaintiff asserts that "robo signing" and "mortgage fraud" perpetrated by Defendants violate "U.S. Code § 1324c," due to various inconsistent and illegitimate signatures, including one by contract manager, Leticia Arias, present on the assignment documents underlying Plaintiff's mortgage. *Id*. at 2-6. Each Defendant is alleged to have participated in the fraud during the assignment of Plaintiff's mortgage. *Id*. at 2.

## LEGAL STANDARD

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is a fundamental predicate to judgment in the federal courts. *Linium, LLC v. Bernhoit*, No. 1:17-CV-0200 (LEK/CFH), 2017 WL 2599944, at *2 (N.D.N.Y. June 15, 2017). Courts have a "duty to consider subject matter jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not." *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *see* Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). That is, "[t]he party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Greer v. Carlson*, No. 1:20-CV-05484 (LTS) (SDA), 2020 WL 6064167, at *4 (S.D.N.Y. Oct. 14, 2020).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Pritika v. Moore*, 91 F. Supp. 3d 553, 557 (S.D.N.Y. 2015) (internal quotation marks omitted). Under 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This "arising under" jurisdiction "is invoked by [. . .] plaintiffs pleading a cause of action created by federal law." *Moore*, 91 F. Supp. 3d at 556. "The presence or absence of 'federal-question jurisdiction' is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

In addition to "federal-question jurisdiction," federal courts may exercise diversity jurisdiction over a case. Under 28 U.S.C. § 1332(c), "[d]iversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009); *see Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995) ("It is a long-settled rule that in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant."). Moreover, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *Tongkook Am., Inc. v. Shipton Sportswear Co*., 14 F.3d 781, 784 (2d Cir. 1994). This burden is not onerous, however, for courts recognize "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in

controversy." *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

**B. Temporary Restraining Order**

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction." *Antonyuk v. Hochul*, No. 22-CV-986, 2022 WL 5239895, at *3 (N.D.N.Y. Oct. 6, 2022). "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). The movant must demonstrate that "absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of the trial to resolve [it]." *De Jesus Moreno*, 460 F. Supp. 3d at 297 (quoting *Faiveley*, 559 F.3d at 118).

**DISCUSSION**

For the reasons set forth below, the Court concludes that Plaintiff's complaint fails to identify a basis for the Court's subject matter jurisdiction. Plaintiff's complaint asserts "federal question" jurisdiction as a basis for the Court's jurisdiction; specifically, a cause of action under 8 U.S.C. § 1324c, in order to "stop a foreclosure fraud." ECF No. 1-1 at 2. Plaintiff's allegations do not adequately allege federal question jurisdiction, nor diversity jurisdiction. Still, Plaintiff

may amend his complaint, in accordance with Federal Rule of Civil Procedure 15(a). *See also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As discussed, Plaintiff alleges in his complaint that Defendants' assignment of his mortgage violated "8 U.S.C. § 1324c." ECF No. 1. Under 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," including a cause of action created by federal law, such as 8 U.S.C. § 1324c, as alleged here. *Moore*, 91 F. Supp. 3d at 556. That statute, however, cannot provide a basis for relief. 8 U.S.C. § 1324 governs the "unlawful bringing of aliens into the United States" and 1324c prescribes penalties for "document fraud," including forgery and counterfeiting, committed in connection with the satisfaction of a requirement of administrative immigration proceedings under 8 U.S.C. Ch. 12. 8 U.S.C. §§ 1324, 1324c. Plaintiff alleges that fraud and forgery occurred in connection with the assignment of his mortgage, not immigration proceedings. Plaintiff therefore does not state allegations that provide a basis for federal jurisdiction under the statute invoked. Accordingly, the Court lacks federal question jurisdiction over Plaintiff's action under 28 U.S.C. § 1331.

Likewise, construing Plaintiff's *pro se* complaint liberally, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), the Court cannot discern a basis for exercising diversity jurisdiction. Plaintiff, who is alleged to be a New York citizen, appears to allege in his complaint that (i) Wells Fargo Bank, NA, "as Trustee for Aegis Asset backed Securities Trust Mortgage pass through Certicates Series 2004-3[,]" and Select Portfolio Servicing are citizens of Utah, (ii) McCabe Weisberg & Company is a citizen of New York, and (iii) Wells Fargo Bank is a citizen of California. ECF No. 1 at 1-2.

First, Plaintiff's allegations are not sufficient to establish the citizenship of the parties, as required under 28 U.S.C. § 1332(c). Specifically, Plaintiff represents that each Defendant is a citizen of each alleged state by listing their respective addresses. ECF No. 1 at 2. To bring a federal case based on diversity jurisdiction, it is not sufficient to list an address; for corporations, Plaintiff must allege where each entity may be incorporated and its "principal place of business" to adequately allege citizenship. *Sty–Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000). A corporation's principal place of business under § 1332 is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In practice, this "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Id*. at 93. In his complaint, Plaintiff does not allege facts describing Defendants' citizenship, beyond listing each party's alleged address. For the Court to exercise diversity jurisdiction over this matter and entertain Plaintiff's case, Plaintiff must allege facts describing Defendants' citizenship.

Second, assuming citizenship is properly established, Plaintiff's allegations do not establish "complete diversity" among the parties. Because Plaintiff and Defendant McCabe Weisberg & Company are each alleged to be citizens of New York, complete diversity does not exist. *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, at *2 (N.D.N.Y. Sept. 20, 2016) (each defendant must be a citizen of a different state from each plaintiff to establish complete diversity). Plaintiff's complaint is insufficient in this respect, as well.

Accordingly, in the absence of a complaint setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant a temporary restraining order. *See Greene v. Phila. Hous. Auth.*, No. 11–MC–60, 2011 WL 1833011, at *2 (E.D. Pa. May 11, 2011) (citing *Powell v. Rios*, 241 F. App'x

500, 505 n.4 (10th Cir. 2007) (summary order) ("[O]nly a properly-filed 'complaint' can commence a civil action. Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."); *Stewart v. INS*, 762 F.2d 193, 198-99 (2d Cir.1985); *In re Warrant Authorizing the Interception of Oral Commc'ns*, 673 F.2d 5, 7 (1st Cir. 1982); *Gometz v. Knox*, No. 07–cv–1734, 2007 WL 2986165, at *1 (D. Colo. Oct. 9, 2007); *Adair v. Eng.*, 193 F.Supp.2d 196, 200 (D.D.C. 2002). Even construing the complaint "in the light most favorable" to Plaintiff, the Court cannot conclude that it may exercise subject matter jurisdiction over Plaintiff's claim. *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

Therefore, Plaintiff's motion for a temporary restraining order is denied. Plaintiff, however, as a matter of right, may amend his complaint to include facts that would establish subject matter jurisdiction, if he can truthfully do so without contradicting the allegations in his current complaint. *See* Fed. R. Civ. P. 15(a). If Plaintiff can successfully amend his complaint to establish subject matter jurisdiction, he may also file again a motion for a temporary restraining order, should he wish to do so, or file a motion for a preliminary injunction.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a temporary restraining order is DENIED for lack of subject matter jurisdiction. If Plaintiff fails to amend his complaint to replead subject matter jurisdiction as permitted by Fed. R. Civ. P. 15(a), his complaint will be dismissed without prejudice.

IT IS SO ORDERED.

Dated: November 8, 2023
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York