UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT T. HOULE,

                                    Plaintiff,

                                                              Case # 23-CV-06634-FPG

v.

                                                              DECISION AND ORDER

WELLS FARGO, NA, et al.,

                                    Defendants.

## INTRODUCTION

On November 6, 2023, Plaintiff Robert T. Houle ("Plaintiff") filed a complaint against Wells Fargo Bank, NA, "as Trustee for Aegis Asset backed Securities Trust Mortgage pass through Certificates Series 2004-3[,]" Select Portfolio Servicing, McCabe Weisberg & Company, and Wells Fargo Bank ("Defendants"), in which he alleged that Defendants fraudulently created and forged documents that assigned Plaintiff's mortgage to Defendants in violation of "8 U.S.C. § 1324c." ECF No. 1. On the same day that Plaintiff filed his complaint, Plaintiff moved this Court for a temporary restraining order enjoining Defendants from pursuing a foreclosure auction on his home, and an order directing Defendants to show cause why they should not be enjoined from pursuing the foreclosure. ECF No. 2. On November 8, 2023, the Court denied Plaintiff's motion because Plaintiff's complaint failed to adequately plead the existence of the Court's subject matter jurisdiction over this case, but noted that Plaintiff could amend his complaint to cure the jurisdictional defects identified in the Court's order, as of right, pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 3.

On November 13, 2023, Plaintiff timely filed an amended complaint and filed renewed motions for a temporary restraining order and an order to show cause,[1] in which he included the same factual allegations of fraud against Defendants and requested the same relief he had previously sought.  ECF Nos. 4, 5, 7.  Plaintiff alleges that Defendants' conduct violated a "myriad of [criminal] laws[,]" including the Fraud Enforcement and Recovery Act of 2009, PL 111-21, May 20, 2009, 123 Stat. 1617; 18 U.S.C. § 20; 18 U.S.C. § 27; 18 U.S.C. § 1001; 18 U.S.C. § 1343; 18 U.S.C. § 1341; 18 U.S.C. § 471[2]; and "N.Y. Penal Code Article 187."  ECF No. 4 at 4-5.  For the reasons set forth below, the Court denies Plaintiff's motion for a temporary restraining order because the federal statutes Plaintiff invokes as a basis for the Court's jurisdiction do not create a private cause of action.  Accordingly, Plaintiff's complaint does not adequately allege federal question jurisdiction, and Plaintiff's claims will be dismissed without prejudice.

## BACKGROUND

The following facts are alleged in Plaintiff's amended complaint, unless otherwise stated. Defendants seek to hold a foreclosure auction on Plaintiff's home, located at 1108 Cheese Factory Road, Honeoye Falls, New York, 14472, on Tuesday, November 14, 2023.  ECF No. 4 at 4-6. Plaintiff alleges that Defendants have "no standing to pursue such an auction" because the auction

---

[1] To the extent Plaintiff requests an "Order to Show Cause," under Local Rule of Civil Procedure 41(b), or otherwise, Plaintiff's request is not procedurally or substantively proper, as the Court articulated in its prior order, because Rule 41(b) governs involuntary dismissal of an action due to noncompliance with the Court's directives or failure to prosecute and it is Plaintiff's burden to show entitlement to relief at both the pleading phase and under Federal Rule of Civil Procedure 65, which governs the issuance of a temporary restraining order.  The Court accordingly construes Plaintiff's motion as one for a temporary restraining order.

[2] Plaintiff asserts this violation of § 471 in what he has styled a second amended complaint and an Amended Motion for a Temporary Restraining Order.  *See* ECF Nos. 6 at 6, 7 at 2.  The second amended complaint and Amended Motion for a Temporary Restraining Order do not materially differ from Plaintiff's amended complaint nor Plaintiff's second motion for a temporary restraining order, ECF Nos. 4 and 5, except for the addition of this alleged violation. Because the "submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest[,]" the Court construes these filings as adding this alleged violation to Plaintiff's first amended complaint, despite Plaintiff's failure to seek leave to amend to do so under Federal Rule of Civil Procedure 15(a).  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

is justified by "forgery, fraud and false papers." *Id*. at 2.  Plaintiff asserts that "robo signing" and "mortgage fraud" perpetrated by Defendants violate numerous provisions of federal and New York state criminal law, due to the existence of various inconsistent and illegitimate signatures, including one by contract manager, Leticia Arias, that are present on the assignment documents underlying Plaintiff's mortgage. *Id*. at 2-6.  Each Defendant is alleged to have participated in the fraud during the assignment of Plaintiff's mortgage. *Id*. at 2.

## LEGAL STANDARD

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is a fundamental predicate to judgment in the federal courts. *Linium, LLC v. Bernhoit*, No. 1:17-CV-0200 (LEK/CFH), 2017 WL 2599944, at *2 (N.D.N.Y. June 15, 2017).  Courts have a "duty to consider subject matter jurisdiction *sua sponte* in every case, whether the issue is raised by the parties or not." *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *see* Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  That is, "[t]he party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Greer v. Carlson*, No. 1:20-CV-05484 (LTS) (SDA), 2020 WL 6064167, at *4 (S.D.N.Y. Oct. 14, 2020).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Pritika v. Moore*, 91 F. Supp. 3d 553, 557 (S.D.N.Y. 2015) (internal quotation marks omitted).  Under 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This "arising under" jurisdiction "is invoked by […] plaintiffs pleading a cause of action created by federal law."

*Moore*, 91 F. Supp. 3d at 556.  "The presence or absence of 'federal-question jurisdiction' is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

### B.  Temporary Restraining Order

"In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction."  *Antonyuk v. Hochul*, No. 22-CV-986, 2022 WL 5239895, at *3 (N.D.N.Y. Oct. 6, 2022). "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest."  *De Jesus Moreno v. Nielsen*, 460 F. Supp. 3d 291, 297 (E.D.N.Y. 2020) (internal quotation marks omitted).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Faiveley Transp. Malmo AB v. Wabtec Corp*., 559 F.3d 110, 118 (2d Cir. 2009).  The movant must demonstrate that "absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of the trial to resolve [it]."  *De Jesus Moreno*, 460 F. Supp. 3d at 297 (quoting *Faiveley*, 559 F.3d at 118).

### DISCUSSION

For the reasons set forth below, the Court concludes that Plaintiff's amended complaint fails to identify a basis for the Court's subject matter jurisdiction.  Plaintiff's amended complaint asserts "federal question" jurisdiction as a basis for the Court's jurisdiction because Defendants

have "violated a myriad of federal laws against fraud in the mortgage and banking industry[;]" specifically, the Fraud Enforcement and Recovery Act of 2009, PL 111-21, May 20, 2009, 123 Stat. 1617; 18 U.S.C. § 20; 18 U.S.C. § 27; 18 U.S.C. § 1001; 18 U.S.C. § 1343; 18 U.S.C. § 1341; 18 U.S.C. § 471; and "N.Y. Penal Code Article 187."  ECF No. 4 at 4-6; ECF No. 7 at 2.

Under 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," including a cause of action created by federal law.  *Moore*, 91 F. Supp. 3d at 556.  The statutes Plaintiff identifies as a basis for jurisdiction, however, cannot provide a basis for relief because they do not create a private right of action.  The Fraud Enforcement and Recovery Act of 2009 is a criminal statute and does not create a private right of action or authorize a civil action for damages; rather, it only authorizes the federal government to prosecute a criminal charge for a violation of the statute. *See Jones v. Bell Enterps., Inc.*, 781 F. Supp. 483, 484 (E.D. Tex. 1991); *see also Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340, n. 20 (9th Cir. 1987); *Hill v. Sands*, 403 F. Supp. 1368, 1370 (N. D. Ill. 1975) (explaining that "plaintiffs [in a civil action] are not the proper parties to enforce a federal criminal statute").  Having no basis in law for bringing a civil action under this statute, federal question jurisdiction over this action cannot exist and Plaintiff's criminal fraud claim premised upon this statute is properly dismissed.  *See Cadena v. Hicks*, No. A-16-CV-1009-RP, 2016 WL 6135454, at *5 (W.D. Tex. Oct. 21, 2016).  Similarly, Plaintiff's claims under 18 U.S.C. § 1001 (criminalizing "statements or entries generally" that are false or fraudulent in matters involving the executive, legislative, or judicial branches of the United States government), 18 U.S.C. § 1343 (criminalizing "fraud by wire, radio, or television"), 18 U.S.C. § 1341 (criminalizing "frauds and swindles"), 18 U.S.C. § 471 (criminalizing fraud and forgery of "obligations or securities of the United States") must be dismissed for the same reason.  Plaintiff's claims under 18 U.S.C. § 20

and 18 U.S.C. § 27 are likewise without merit because those sections only provide definitions for the terms "financial institution" and "mortgage lending business[,]" respectively, as they are used within Title 18 of the United States Code.   Plaintiff therefore does not state allegations that provide a basis for federal jurisdiction under the statutes he invokes.[3]   Accordingly, the Court lacks federal question jurisdiction over Plaintiff's action under 28 U.S.C. § 1331.

Absent a complaint setting out the basis for jurisdiction, the Court therefore also lacks the jurisdiction to grant a temporary restraining order.[4]   *See Greene v. Phila. Hous. Auth.*, No. 11–MC–60, 2011 WL 1833011, at *2 (E.D. Pa. May 11, 2011) (citing *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) (summary order) ("[O]nly a properly-filed 'complaint' can commence a civil action. Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."); *Stewart v. INS*, 762 F.2d 193, 198-99 (2d Cir.1985); *In re Warrant Authorizing the Interception of Oral Commc'ns*, 673 F.2d 5, 7 (1st Cir. 1982); *Gometz v. Knox*, No. 07–cv–1734, 2007 WL 2986165, at *1 (D. Colo. Oct. 9, 2007); *Adair v. Eng.*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002).   Even construing the amended complaint "in the light most favorable" to Plaintiff, the Court cannot conclude that it may exercise subject matter jurisdiction over Plaintiff's claim.   *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

Therefore, Plaintiff's motion for a temporary restraining order is denied.   Because Plaintiff has amended his complaint once to include facts that may establish subject matter jurisdiction pursuant to Fed. R. Civ. P. 15(a), the Court now must determine whether Plaintiff may be granted

---

[3] Even assuming the Court may exercise supplemental jurisdiction over Plaintiff's remaining alleged state law violation of N.Y. Penal Law § 187 (criminalizing "residential mortgage fraud"), that criminal statute likewise does not create a private cause of action.   *See* 28 U.S.C. § 1367; *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (supplemental jurisdiction a doctrine of discretion if all federal claims dismissed).

[4] The Court, thus, cannot reach whether Plaintiff has established "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [his] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest."   *De Jesus Moreno*, 460 F. Supp. 3d at 297.

leave to amend under Fed. R. Civ. P. 15(a)(2) (after a party has amended its pleading once within 21 days of serving it, a party may "amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires."). Ordinarily, before the Court may dismiss a complaint as frivolous or for failure to state a claim, it must provide "notice of the deficiencies of [plaintiff's] complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). However, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015) (amendment futile if it would fail to cure prior deficiencies or fail to state a claim); *see also U.S. ex rel. Osmose, Inc. v. Chem. Specialties, Inc.*, 994 F. Supp. 2d 353, 366 (W.D.N.Y. 2014) (leave to amend subject to district court's "broad discretion").

Here, the Court has considered both Plaintiff's original complaint and an amended complaint. ECF Nos. 1, 4. Plaintiff's amended complaint is fatally defective because the relief sought—enjoinment of Defendants' foreclosure auction on his home—cannot be obtained under the statutes he has invoked because they do not provide a private cause of action. "Only the U.S. Attorney can initiate criminal proceedings in federal court." *Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (summary order). The Court has twice determined that it lacks subject matter jurisdiction over Plaintiff's claims, and advised Plaintiff of this in its prior order. Accordingly, the Court finds that amendment would be futile and does not grant Plaintiff leave to amend his complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend pleadings may be denied when any amendment would be futile); *see also Van Hook v. Idaho*, No. 1:21-CV-00199-BLW, 2022 WL 344439, at *6 (D. Idaho Feb. 4, 2022) (dismissing *pro se*

plaintiff's claims brought under criminal statutes because no private cause of action authorized and no amendment could cure such a deficiency); *Bryant v. Quintero*, 2001 WL 1018717, *2 (N.D. Cal. 2001) (same).   Although "a court is obliged to construe [pro se] pleadings liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), the Court is not convinced that a second amended complaint would "succeed in stating a claim."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).   Accordingly, Plaintiff's complaint is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order is DENIED for lack of subject matter jurisdiction and Plaintiff's complaint is dismissed without prejudice.  The Clerk of Court is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated:  November 13, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

8